IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STEPHEN BROWN                                                                               PLAINTIFF

vs.                                       Civil No. 2:15-cv-02001

CAROLYN W. COLVIN                                                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Stephen Brown ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his DIB application on September 12, 2012.  (Tr. 18).  In his application, Plaintiff alleges being disabled due to rheumatoid arthritis.  (Tr. 180).  Plaintiff alleges an onset date of June 29, 2012.  (Tr. 18).  Plaintiff's application was denied initially and again upon reconsideration.  (Tr. 68-76).  Thereafter, Plaintiff requested an administrative hearing on his application.  (Tr. 96).  This hearing request was granted.  (Tr. 32-67).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

Plaintiff's administrative hearing was held on July 9, 2013 in Fort Smith, Arkansas. (Tr. 32-67). At this hearing, Plaintiff was present and represented by Richard Sharard. *Id.* Plaintiff and Vocational Expert ("VE") John Massie testified at this hearing. *Id.* At the administrative hearing in this matter, Plaintiff testified he was forty-seven (47) years old, which is defined as a "younger person" under C.F.R. § 404.1563(d) (2008) (DIB). As for his education, Plaintiff testified he had completed high school but had no further education after high school. (Tr. 37).

On August 30, 2013, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 15-25). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 20, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 29, 2012, his alleged onset date. (Tr. 20, Finding 2). The ALJ determined Plaintiff had the following severe impairment: rheumatoid arthritis. (Tr. 20, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20-21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 21-23, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 10 pounds occasionally and five pounds or less frequently and sit most of the work day. In addition, he requires a job that does not involve constant manual dexterity.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 24, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 24-25, Finding 10). In making this determination, the ALJ relied upon the testimony of the VE. *Id.* Specifically, the VE testified that a hypothetical individual with Plaintiff's limitations retained the capacity to perform the following two sedentary, unskilled occupations: (1) compact assembler with 30,000 such jobs in the national economy and over 500 such jobs in Arkansas and (2) zipper trimmer machine operator with 30,000 such jobs in the national economy and over 500 such jobs in Arkansas. *Id.* Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from June 29, 2010 through the date of his decision or through August 30, 2013. (Tr. 25, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 13). The Appeals Council denied Plaintiff's request for review. (Tr. 1-4). On January 6, 2015, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 12, 2015. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ erred by failing to fully and fairly develop the record; (B) the ALJ erred in assessing his credibility; and (C) the ALJ erred in assessing his RFC. ECF No. 8 at 10-19. In her response, Defendant argues the ALJ fulfilled his responsibility of fully and fairly developing the record, the ALJ supported his RFC determination with substantial evidence in the record, and the ALJ supported his credibility determination with substantial evidence in the record. ECF No. 9 at 1-14. The Court will consider each of these arguments.

**A.     Development of the Record**

Plaintiff claims the ALJ erred in developing the record in his case. ECF No. 8 at 10-12. With this claim, Plaintiff argues "the ALJ should have sought further clarification regarding the severity of his impairments and clarification of his impairments from his treating physicians." *Id.* In his briefing, however, Plaintiff has provided no elaboration as to how any additional development

5

would have been beneficial. *Id.*

Upon review of Plaintiff's claim and Defendant's response, the Court agrees the record in this case was properly developed and no remand is necessary. Notably, the ALJ only has the obligation "to develop a reasonably complete record." *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, the transcript in this case over five hundred pages long. This transcript also includes nearly three hundred pages of medical records. (Tr. 245-553).

Notably, in his briefing, Plaintiff does not in any way explain how additional record development would have been beneficial to the ALJ. ECF No. 8 at 10-12. A social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no showing of prejudice or unfair treatment. ECF No. 8 at 10-12. Thus, the Court finds Plaintiff has not made the showing required for a remand in this action to further develop the record.

### B.     Credibility Determination

Plaintiff claims the ALJ erred in evaluating his credibility. ECF No. 8 at 12-14. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows:

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

(1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ complied with the requirements of *Polaski*. Although the ALJ relied upon the fact Plaintiff's medical records did not support his subjective allegations, the ALJ also noted the following inconsistencies in the record: (1) Plaintiff stopped working because of a

7

plant closure at his place of employment, not due to alleged disability; (2) Plaintiff reported having relatively extensive daily activities including being able to manage his person needs, mowing, preparing simple meals, watching television, fishing, and using the computer; and (3) Plaintiff reported at the hearing suffering severe side effects from his medications but never made such a claim to any of his physicians.  (Tr. 21-23).  The Court finds these are sufficient reasons for discounting Plaintiff's subjective complaints.  *See McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (credibility determination is entitled to deference if supported by good reasons and substantial evidence).  Thus, the Court finds no basis for reversal on this issue.[3]

### C. RFC Assessment

Plaintiff claims the ALJ erred in assessing his RFC.  ECF No. 8 at 14-19.  Plaintiff claims the ALJ should have afforded more weight to the opinions of his treating physician; and based upon those opinions, the ALJ should have found he was disabled.  *Id.*  In support of this claim, Plaintiff references a reported completed in early 2013 from Dr. Charles A. Jennings, M.D. wherein Dr. Jennings found Plaintiff suffered from "severe rheumatoid arthritis . . . [which] . . . causes fatigue" and noted Plaintiff was unable to perform even sedentary work.  *Id.*

In his opinion, the ALJ considered Dr. Jennings's findings on this issue and discounted those findings for the following reasons:

> The undersigned has also considered the opinions of Dr. Jennings found at Exhibit 7F but does not give these opinions great weight.  First, it appears that Dr. Jennings had seen the claimant only once prior to issuing the opinions in February 2013 and that he has seen him only twice for treatment.  Further, Dr. Jennings' opinions are not

---

[3] Although it appears the ALJ did not discuss *each Polaski* factor, such a discussion is not required.  *See Casey v. Astrue,* 503 F.3d 687, 695 (8th Cir. 2007) (recognizing "the ALJ's decision need not include a discussion of how every *Polaski* factor relates to the claimant's credibility").

consistent with or supported by the evidence of the record as whole, including the records of his rheumatologist, Dr. Deneke.

(Tr. 23). In his briefing, Plaintiff supplies no basis for rejecting the ALJ's assessment of Dr. Jennings's findings. ECF No. 8 at 14-19. Indeed, although Plaintiff argues extensively in his briefing that Dr. Jennings qualifies as a treating physician, it appears there is no basis for such a finding because Dr. Jennings only examined Plaintiff one time prior to the report referenced above. Further, even if Dr. Jennings did qualify as a treating physician, the ALJ provided valid reasons for discounting his opinions. Thus, the Court finds no basis for reversal on this issue. *See Cline v. Colvin,* 771 F.3d 1098, 1013 (8th Cir. 2014) (permitting an ALJ to discount the opinions of a treating physician as long as that ALJ gives "good reasons" for his or her decision).

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of October 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE